IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. DUCKSWORTH,  )<br>  )<br>      Petitioner,  )<br>  )<br>  vs.  )<br>  )<br>GOV. ARNOLD  )<br>SCHWARZENEGGER,  )<br>  )<br>      Respondent.  )  | No. C 08-04836 JW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 2) |

Petitioner, an inmate at California Training Facility ("CTF") in Soledad proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Governor of California's reversal of the decision by the Board of Parole Hearings (the "Board") finding petitioner suitable for parole. Petitioner has filed a motion to proceed in forma pauperis (Docket No. 2) pursuant to 28 U.S.C. § 1915(a).

## BACKGROUND

According to the petition, petitioner was found guilty by a jury in Los Angeles County Superior Court of first degree murder with the use of a weapon and

United States District Court
For the Northern District of California

was sentenced to a term of twenty-five years-to-life in state prison on March 16, 1981.  On October 4, 2006, the Board found petitioner suitable for parole.  The Governor reversed the Board's decision on February 22, 2007.  Petitioner challenged the Governor's decision and filed habeas petitions in the state courts.  The California Supreme Court denied the petition on April 9, 2008.  Petitioner filed the instant federal petition on October 22, 2008.

## DISCUSSION

### A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B.   Petitioner's Claims

Petitioner seeks federal habeas corpus relief from the Governor's reversal of the Board's October 4, 2006 decision finding petitioner suitable for parole on the grounds that the Governor's decision was not supported by "some evidence" that petitioner posed a current risk to public safety.  Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **forty-five (45) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **forty-five (45) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **twenty (20) days** of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED: January 26, 2009

JAMES WARE
United States District Judge

Order to Show Cause; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Ducksworth04836_osc(parole)&grantIFP.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE D. DUCKSWORTH,

        Petitioner,

  v.

ARNOLD SCHWARZENEGGER,

        Respondent.
                                     /

Case Number: CV08-04836 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   2/12/2009  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie D. Ducksworth C-28232
CTF Soledad
P. O. Box 689
Soledad, Ca 93960

Dated:   2/12/2009

                          Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk